United States District Court
Southern District of Texas
**ENTERED**
May 20, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | **CRIMINAL NO. 6:15-30** |
| | § | **CIVIL NO. 6:19-56** |
| **v.** | § | |
| | § | **CRIMINAL NO. 6:15-57-1** |
| **WILLIAM CHANCE WALLACE,** | § | **CIVIL NO. 6:19-57** |
| **Defendant/Movant.** | § | |

**MEMORNDUM OPINION & ORDER**

Defendant/Movant William Chance Wallace filed related motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in both of his criminal cases. 6:15-CR-30, D.E. 82; 6:15-CR-57, D.E. 120. The Government filed a motion for summary judgment and consolidated response to both motions (6:15-CR-30, D.E. 86; 6:15-CR-57, D.E. 124), to which Movant replied (6:15-CR-30, D.E. 91; 6:15-CR-57, D.E. 128).

**I. BACKGROUND**

In May 2015, a confidential informant approached a special agent with the Texas Department of Public Safety (DPS) with information about Movant, who had an outstanding arrest warrant at the time. Agents with DPS used Ping Orders to obtain the real-time GPS location of Movant's cell phone and eventually Movant himself. At the time of his arrest, U.S. Marshals found a Winchester Super X .22 magnum caliber round of ammunition in Movant's pocket, a Bersa Thunder .380 semi-automatic pistol nearby, and a box of ammunition for that pistol plus an empty holster in Movant's truck. Movant was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). He moved to suppress evidence of the firearm and ammunition, but the Court denied his motion. Approximately five months after Movant was indicted in the firearms case, he and two

accomplices posted a photograph of the firearms complaint on Facebook and revealed the individual they believed to be the "snitch." As a result, that individual was threatened. Movant was charged in a new federal case with aiding and abetting retaliation against a witness in a federal investigation, in violation of 18 U.S.C. §§ 1513(b) and 2.

On February 10, 2016, Movant pled guilty to being a felon in possession of a firearm and ammunition in Case No. 6:15-CR-30 and to aiding and abetting retaliation against a witness in a federal investigation in Case No. 6:15-CR-57. His plea agreement in the firearms case preserved his right to appeal the denial of his motion to suppress or a sentence above the statutory maximum (6:15-CR-30, D.E. 49), while his plea agreement in the retaliation case waived his right to appeal or collaterally attack his conviction or sentence for any reason other than ineffective assistance of counsel (6:15-CR-57, D.E. 36).

The cases were consolidated for sentencing. The Presentence Investigation Report (PSR) calculated a base offense level of 24 for the firearms charge under U.S.S.G. § 2K2.1. The base offense level for retaliation was 14, to which 8 levels were added under U.S.S.G. § 2J1.2 because the offense involved a threat to cause physical injury to a person, resulting in an adjusted offense level of 22. Application of the grouping provisions of U.S.S.G. § 3D1.4 would have given Movant a base offense level of 26 after adding 2 levels to the highest base offense level of 24. However, the PSR determined that Movant was an armed career criminal and recommended a base offense level of 33, based on Movant's prior convictions in Texas for violent felonies and/or serious drug offenses, including one count of possession of a controlled substance with intent to distribute, two counts of aggravated assault, and one count of unlawful delivery of a controlled substance. *See* U.S.S.G. § 4B1.4; 18 U.S.C. § 924(e). After credit for acceptance of responsibility, Movant's total offense level was 30. With a criminal history category of V, his

recommended guideline range was 151–188 months. His status as an armed career criminal, however, subjected him to a statutory minimum 15-year term of imprisonment for the firearms conviction, and his new guideline range became 180–188 months. Movant did not object to the PSR, which the Court adopted at sentencing without change. Movant was sentenced to 180 months in each case, to run concurrently. Judgments were entered on May 20, 2016.

Movant appealed the denial of his motion to suppress in both cases, which were consolidated on appeal. On March 20, 2018, the Fifth Circuit affirmed both convictions and sentences. *United States v. Wallace*, 885 F.3d 806 (5th Cir. 2018). Movant did not petition the Supreme Court for a writ of certiorari. Accordingly, his convictions became final on June 18, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Movant filed his motions under 28 U.S.C. § 2255 on June 17, 2019. They are timely.

## II. MOVANT'S CLAIMS

Movant's § 2255 motions challenge his sentence as an armed career criminal, arguing that aggravated assault under Texas law is no longer a predicate violent felony under the Armed Career Criminal Act (ACCA), in light of the Supreme Court's decision in *Mathis* and the Fifth Circuit's decision in *Flores*. As a result, his 180-month sentence in the firearms case, which exceeds the 10-year statutory maximum, is illegal. Movant further argues that his sentence for retaliation against a witness is tied to the Court's finding that he is an armed career criminal because the charges were grouped, and without application of the ACCA, his cumulative sentence would have been substantially lower.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV. ANALYSIS

Under the ACCA, a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.* § 924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that is retroactively applicable to cases on collateral review. *United States v. Lerma*, 877 F.3d 628, 629–30 (5th Cir. 2017).

The imposition of Movant's sentence did not rest on the residual clause, but was instead based in part on his two prior violent felony convictions in Texas for aggravated assault, which "has as an element the use, attempted use, or threatened use of physical force against the person

4

of another." 18 U.S.C. §924(e)(2)(b)(i).[1] Citing the Supreme Court's 2016 decision in *Mathis* and the Fifth Circuit's 2019 decision in *Flores*, Movant argues that Texas aggravated assault no longer qualifies as a violent felony under the ACCA. *See Mathis v. United States*, — U.S. — , 136 S.Ct. 2243, 2251 (2016) (A state crime cannot qualify as an ACCA predicate if its elements "cover a greater swath of conduct than elements of the relevant ACCA offense."); *United States v. Flores*, 922 F.3d 681, 685 (5th Cir. 2019) (applying *Mathis* and concluding that "aggravated assault under Texas law does not categorically require the use or carrying of a knife, firearm, or destructive device, and cannot qualify as predicate offense under ACCA for juvenile adjudications"). As a result, Movant claims he is not an armed career criminal because he does not have the three necessary predicate convictions under the ACCA, and his 180-month sentence, which exceeds the 10-year statutory maximum under 18 U.S.C. § 924(a)(2), is illegal. He further claims that his sentence for retaliation was based on the Court's determination that he is an armed career criminal and should be vacated. The Government responds that because Movant did not raise his ACCA claims on appeal, he is procedurally barred from raising them now.

---

1.  Under Texas law:

   A person commits [assault] if the person:
   1)  intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
   2)  intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
   3)  intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a).

   A person commits [aggravated assault] if the person commits assault as defined in § 22.01 and the person:
   1)  causes serious bodily injury to another, including the person's spouse; or
   2)  uses or exhibits a deadly weapon during the commission of the assault.

TEX. PENAL CODE § 22.02(a).

"[I]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the movant can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted." *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999) (quoting *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998)); *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) ("[R]eview of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice.").

Movant does not allege that he is actually innocent, but instead argues that he did not raise his ACCA claims at sentencing or on appeal because: (1) *Mathis* was not decided until 51 days after he was sentenced, and (2) his appeal was limited to the denial of his motion to suppress pursuant to the terms of his conditional plea agreement. The record shows that Movant's plea agreement in the firearms case explicitly allowed him to appeal "a sentence imposed above the statutory maximum," which he claims his 180-month sentence to be. *See* 6:15-CR-30, D.E. 49 ¶ 7. Additionally, the fact that Movant waived his right to appeal his sentence in the retaliation case does not relieve him of the requirement to raise his ACCA claim on appeal. *See, e.g.*, *United States v. Eaton*, 2000 WL 235261, at *6 (E.D. La. Feb. 29, 2000) (citing *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) ("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal. After conviction and exhaustion *or waiver of any right to appeal*, we are entitled to presume that the defendant stands fairly and finally convicted.") (emphasis added) (internal citations and quotations omitted)). The Court further notes that Movant also waived his right to collaterally

attack his conviction and sentence under 28 U.S.C. § 2255 in both plea agreements, but that did not prevent him from filing his currently-pending § 2255 motions.

Citing *United States v. Driscoll*, 892 F.3d 1127 (10th Cir. 2018),—a case he claims is "virtually identical to the facts of this case as to the sentencing error claimed" here, Movant further argues that he has met the prejudice prong and shown that the "sentencing error claimed [is] commensurate with that of constitutional magnitude." D.E. 128, pp. 4. In *Driscoll*, the Tenth Circuit held that the § 2255 movant adequately showed both cause and prejudice from procedural default under *Johnson*, 135 S.Ct. 2552. *Driscoll*, 892 F.3d at 1132. Important to the court's decision, the *Driscoll* Court noted that it was "'fair to say that no one—the government, the judge, or the defendant—could reasonably have anticipated *Johnson*,'" which was decided a decade after Driscoll was sentenced. *Id.* at 1131 (quoting *United States v. Snyder*, 871 F.3d 1122, 1127 (10th Cir. 2017)). The court "'therefore conclude[d] that the *Johnson* claim was not reasonably available to [Driscoll] at the time of his direct appeal, and that this is sufficient to establish cause.'" *Id.* Moreover, "because a 'sentence that is not authorized by law is certainly an 'actual and substantial disadvantage' of 'constitutional dimensions,' Driscoll has shown actual prejudice arising from the asserted error." *Id.* (quoting *Snyder*, 871 F.3d at 1128).

Contrary to Movant's assertion, *Driscoll* is not "virtually identical" to this case. Unlike *Johnson*, *Mathis* was pending before the Supreme Court at the time Movant was sentenced; briefs had been filed, and oral arguments had been held. The *Mathis* decision was rendered on June 23, 2016—months before Movant filed his Appellant's Brief on September 21, 2016. Thus, Movant could have reasonably anticipated *Mathis* and raised his current claims on appeal. And, unlike *Johnson*, the Fifth Circuit has explicitly found that *Mathis* does not apply retroactively on collateral review. *Sharbutt v. Vasquez*, 749 Fed. App'x 307, 308 (5th Cir. 2019) ("*Mathis* does

not apply retroactively.") (citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) (denying successive § 2255 motion because petitioner failed to show *Mathis* set forth a new rule of constitutional law that has been made retroactive on collateral review)).

Even if Movant were able to show cause for his failure to raise his ACCA claims on appeal, he cannot show prejudice because the Fifth Circuit "recently concluded that 'Texas aggravated assault is a violent felony under the ACCA.'" *Richardson v. United States*, 2019 WL 3338263, at *3 (N.D. Tex. Jul. 25, 2019) (quoting *United States v. Combs*, 772 Fed. App'x 108, 110 (5th Cir. 2019) (per curiam), and citing *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a § 2255 proceeding)). Movant nonetheless claims that, "[t]o this date, there is still argument in the [Fifth Circuit] as to the question of the Texas Aggravated Assault statute's applicability to the ACCA." D.E. 128, p. 5. The Court does not agree, as the Fifth Circuit's holding in *Flores* was explicitly limited to "juvenile adjudications." *Flores*, 922 F.3d at 685 ("[A]ggravated assault under Texas law does not categorically require the use or carrying of a knife, firearm, or destructive device, and cannot qualify as predicate offense under ACCA *for juvenile adjudications*.") (emphasis added). Additionally, even if *Flores* did extend to adult convictions for aggravated assault under Texas law, *Flores* did not create a new constitutional right and is not a Supreme Court opinion; thus, it does not apply retroactively on collateral review.

Finally, Movant claims that, even if he cannot show both cause and prejudice, it would be "a fundamental miscarriage of justice to allow not one, but both of [his] sentences to be affected by the mistaken applicability of the ACCA." D.E. 128, p. 5. As set forth above, Texas aggravated assault remains a violent felony under the ACCA. Thus, even if Movant's claim that

he no longer qualifies as an armed career criminal were not procedurally defaulted, it would nonetheless fail on the merits because the Court did not misapply the ACCA at sentencing.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As for claims that the court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's rulings debatable, nor do his claims deserve encouragement to proceed. Accordingly, Movant is not entitled to a COA as to his claims.

## VI. CONCLUSION

For the reasons set forth above, the Government's motions for summary judgment (6:15-CR-30, D.E. 86; 6:15-CR-57, D.E. 124) are **GRANTED**, and Movant's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ( 6:15-CR-30, D.E. 82; 6:15-CR-57, D.E. 120) are **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 18th day of May, 2020.


_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE